IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GENIFER TIDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 402-CV-0022-A |
| | § | |
| CHEAPER THAN DIRT, INC. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT WITH AFFIRMATIVE DEFENSES

TO THE HONORABLE COURT:

Defendant, Cheaper than Dirt, Inc. ("CTD"), answers Plaintiff, Genifer Tidwell's ("Plaintiff") Original Complaint ("Complaint') in accordance with Fed. R. Civ. P. 12 and the Court's Local Rule 5.1, and asserts certain affirmative defenses. For its answer, CTD states the following in the order in which the allegations contained in Plaintiff's Complaint appear:

### I.

### ANSWER

1.   CTD denies ¶ 1 of Plaintiff's Complaint, in part. CTD admits Plaintiff is an individual who, upon information and belief, resides in Fort Worth, Tarrant County, Texas. CTD denies it is a corporation, however. Defendant, "Cheaper than Dirt" is a d/b/a of CTD, Inc., a corporation with a principal place of business at 2520 N.E. Loop 820, Fort Worth, Texas 76106. The terms "CTD" or "Defendant" include both Cheaper than Dirt and CTD, Inc., for purposes of this answer and all affirmative defenses

contained in this pleading. Additionally, Plaintiff's Complaint misspells the name of CTD's President: "Michael Tenny" is the correct spelling. CTD denies all allegations in ¶ 1 of Plaintiff's Complaint not specifically admitted herein.

2. CTD denies ¶ 2 of Plaintiff's Complaint as to all factual allegations contained therein. CTD neither admits nor denies Plaintiff's interpretation of the law or her legal conclusions because no admission or denial to such matters is required by the Federal Rules of Civil Procedure.

3. CTD admits the allegations contained in ¶ 3 of Plaintiff's Complaint, except that Plaintiff's employer was CTD, Inc., not "Cheaper than Dirt," and Plaintiff should be required to conform her pleadings, accordingly.

4. Upon information and belief, CTD denies ¶ 4 of Plaintiff's Complaint.

5. Upon information and belief, CTD denies ¶ 5 of Plaintiff's Complaint. Plaintiff made no report of sexual harassment to CTD. CTD received an anonymous letter alleging certain inappropriate behavior by Billy Brewer (who, at that time, was an employee of CTD) claiming sexual harassment had occurred on CTD's premises. CTD interviewed Plaintiff regarding the allegations contained in the anonymous letter as part of an internal investigation that was prompted by the letter.

6. CTD denies ¶ 6 of Plaintiff's Complaint in part. CTD admits that, as was customary on occasion, Plaintiff was asked to work in the warehouse for business reasons. CTD admits that certain performance evaluations of Plaintiff, unrelated in time and predating the events alleged in Plaintiff's Complaint, contain positive comments. The performance evaluations, and more recent documents memorializing the behavior of Plaintiff that lead to the termination of her employment, speak for themselves. CTD

admits that Plaintiff's supervisors were changed, but only to permit CTD to be responsive to Plaintiff's allegations that supervisors were harassing her and retaliating against her in the workplace. CTD admits that Plaintiff was terminated from her employment. However, CTD denies that any of its actions with respect to Plaintiff's employment were retaliatory or unlawfully discriminatory in nature. To the contrary, all CTD's actions toward Plaintiff were motivated by legitimate non-discriminatory business reasons. CTD denies all the allegations contained in ¶ 6 of Plaintiff's Complaint not specifically admitted herein.

7. CTD admits the allegations contained in ¶ 7 of Plaintiff's Complaint, with the exception that the proper name of the employer in this case is CTD, Inc., not "Cheaper than Dirt."

8. Upon current information and belief, CTD denies the allegations contained in ¶ 8 of Plaintiff's Complaint.

9. CTD denies the allegations contained in ¶ 9 of Plaintiff's Complaint.

10. CTD denies the allegations contained in ¶ 10 of Plaintiff's Complaint. Additionally, CTD affirmatively asserts that Plaintiff is entitled to no damages in this matter.

11. CTD denies the allegations contained in ¶ 11 of Plaintiff's Complaint to the extent they are factual in nature. CTD declines to respond to the legal conclusions contained in ¶ 11.

12. CTD denies the allegations and conclusions contained in the "Claim for Relief" paragraph contained in Plaintiff's Complaint. Further, CTD asserts Plaintiff is not

entitled, as a matter of fact or law, to any damages or other award of relief from this Court.

Having fully answered, CTD asserts the following affirmative defenses:

## II.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not properly exhausted her administrative remedies prior to filing her Complaint.

2. Plaintiff has not satisfied all preconditions to suit in this matter.

3. Upon information and belief, Plaintiff's claims are barred by applicable statute of limitations and/or by failure to file within the 90-day time limit specified by Title VII of the Civil Rights Act of 1964, as amended.

4. All CTD's actions with regard to Plaintiff's employment were motivated by legitimate non-discriminatory business reasons.

5. Plaintiff's interactions with Billy Brewer were consensual: i.e., if Brewer touched Plaintiff or otherwise acted in a familiar fashion with her, it was with her permission and encouragement.

6. Plaintiff caused her own termination of employment.

7. Plaintiff's claims are barred under theories of consent, waiver, estoppel and "unclean hands."

8. Plaintiff's alleged report/complaint of sexual harassment was not made in good faith.

9. Plaintiff has failed to mitigate her damages.

10. CTD is not liable to Plaintiff under the controlling case law articulated by the United States Supreme Court in *Faragher v. Boca Ratan,* 524 U.S. 775 (1998); and *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998).

**WHEREFORE,** Defendant, "Cheaper than Dirt," d/b/a of CTD, Inc., respectfully requests that Plaintiff take nothing by way of the allegations contained in her Complaint, and that the Court grant judgment in this matter to Defendant. Further, Defendant asks the Court to grant it the reasonable attorneys' fees and costs associated with its defense of Plaintiff's claims in this case.

Respectfully submitted,

_____
Bettye Lynn, Esq. (formerly Bettye S. Springer)
Texas State Bar No. 11540500

Kathy Reilly Teel, Esq.
Oklahoma State Bar No. 015325

KARGER KEY BARNES & SPRINGER, LLP
300 West Third Street, Suite 1700
Fort Worth, Texas 76102

Telephone: (817) 336-7500
Telecopier: (817) 336-7511

**ATTORNEYS OF RECORD FOR
DEFENDANT, CHEAPER THAN DIRT
d/b/a of CTD, INC.**

## CERTIFICATE OF SERVICE

By signature below, the undersigned counsel certifies that on the 21st day of February 2002, the above and foregoing document was sent by certified mail; return receipt requested, to counsel for Plaintiff in this matter:

Donald W. Ferry
1414 W. Randol Mill Road, Suite 203
Arlington, Texas 76012

_____
Kathy Reilly Teel, Esq.